POLLAK, District Judge,
concurring.
I join Judge Rendell’s opinion for the court without reservation. The opinion places in exact focus the facts yielding an answer to the question whether this is an instance in which the familiar directive of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that a person in custody must be “Mirandized” before any questioning is permissible is subject to the New York v. Quarles, 467 U.S. 649, 658, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984), *622 “narrow exception to the Miranda rule,” authorizing the police to ask one who has not yet been Mirandized “questions necessary to secure their own [the police officers’] safety or the safety of the public.” Id. at 659,104 S.Ct. 2626. Judge Rendell’s opinion for the court concludes that under the facts of record in the case at bar the challenged police question was justified by Quarles, but characterizes this as “a close case given the narrowness of the exception.” I agree with Judge Rendell.
Judge Chagares joins the court’s judgment upholding appellant’s conviction but, as he explains, “I write separately because I do not believe that the application of Quarles here presents a ‘close case.’ ” In aid of his differing view Judge Chagares argues that, in cases posing the Quarles question, “three factors are useful in determining whether or not the public safety exception applies. The first factor is the questions the police ask.... The second factor is what the police knew about the defendant at the time of the encounter.... The third factor examines the characteristics of the encounter....” Of course one or more of these factors, as adumbrated by Judge Chagares, may be of analytic assistance in a particular case. So may other factors. I would, however, think it would be unhelpful for this court to draw a standard Quarles blueprint against which trial judges would be expected to measure the manifold fact-patterns of arrest and resultant custody. In United States v. Reyes, 353 F.3d 148 (2d Cir.2003), the Second Circuit cogently warned against pursuing generalizations that may obscure the particularized question that must be addressed in every case — namely, was this a situation in which, objectively assessed, the safety of the police or the public warranted postponement of the Miranda warning? “The public safety exception,” said the court, “permits questions ‘reasonably prompted by a concern’ for safety and in each case “will be circumscribed by the exigency which justifies it.’ ” Id. at 152 (quoting Quarles, 467 U.S. at 656, 658,104 S.Ct. 2626). “Like the reasonableness standard itself,” the court continued, “the public safety exception is ‘a function of the facts of cases so various that no template is likely to produce sounder results than examining the totality of circumstances in a given case.’ ” 353 F.3d at 152 (quoting United States v. Banks, 540 U.S. 31, 36, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003)).
In Reyes, the Second Circuit ruled, as we do here, that the challenged police questioning, which elicited inculpatory response, was warranted by Quarles. The court was, however, at pains to point out that its ruling was specific to the facts before it: “We emphasize that it cannot become a matter of course to precede every Miranda warning with the questions that were put to Reyes. We remain vigilant that ‘a right enshrined in the words of the Constitution is not lost in the reality of the street.’ ” 353 F.3d at 155 (quoting United States v. Anderson, 929 F.2d 96, 99 (2d Cir.1991)).